IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOFOROS G. POLITIS, | § | |
| A #95541637, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL CHERTOFF, Secretary, | § | CIVIL ACTION NO. H-07-0525 |
| Department of Homeland | § | |
| Security, CHARLES ARENDALE, | § | |
| Field Office Director of | § | |
| Houston Deportation and | § | |
| Removal Office, and DAVID | § | |
| LEONG, Deportation Officer, | § | |
| Houston, Deportation and | § | |
| Removal Office (Department | § | |
| of Homeland Security), | § | |
| | § | |
| Respondents. | § | |

### **MEMORANDUM OPINION AND ORDER TO RESPOND**

Petitioner, Christoforos G. Politis, brings this action against defendants, Michael Chertoff, Secretary, Department of Homeland Security, Charles Arendale, Field Office Director of Houston Deportation and Removal Office, and David Leong, Deportation Officer, Houston, Deportation and Removal Office (Department of Homeland Security), seeking emergency release and reinstatement of two previously filed petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Civil Action Numbers H-05-2535 and H-05-2654. Pending before the court is petitioner's Emergency Motion for Release and Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1), and Respondents' Response to Petitioner's Emergency Motion for Release and to Reinstate Habeas Corpus Action (Docket Entry No. 3) in which respondents urge the court to dismiss this action for lack of subject matter jurisdiction.  (See Docket Entry No. 3 at p. 2.) For the reasons explained below, petitioner will be ordered to respond to the pending motion to dismiss by April 5, 2007, and to explain why his Emergency Motion for Release has not been mooted by the Removal Order entered on February 2, 2007.

### I.  Undisputed Facts

In 2005 while previously in the custody of Immigration authorities and subject to a removal order, the petitioner filed a Petition for Habeas Corpus that resulted in the two civil actions that he now seeks to have reinstated, i.e., Civil Action Numbers H-05-2535 and H-05-2654 (which was consolidated with H-05-2535). Although the respondents argued that the petitioner failed to cooperate with the Immigration authorities to obtain travel documents to facilitate his deportation, on November 30, 2005, petitioner was placed on supervised release.  (See Docket Entry No. 32 in H-05-2535.)  Pursuant to the Respondent's Amended Notice of Mootness in Response to Petitioner's Petition for Habeas Corpus and All Outstanding Motions (Docket Entry No. 32 in H-05-2535), petitioner's previously filed habeas actions were dismissed as moot on December 23, 2005.  (See Docket Entry No. 33 in H-05-2535.)

-2-

## II.  Motion to Dismiss

Asserting that the petitioner has failed to exhaust his administrative remedies, the respondents seek dismissal for lack of subject matter jurisdiction.  (See Docket Entry No. 3 at p. 2.)

**A.  Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 122 S.Ct. 2665 (2002).

**B.  Motion to Dismiss**

Attached to petitioner's Emergency Motion for Release and Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) are two orders dated January 3, 2007.  One Order states "it is HEREBY ORDERED that these proceedings be dismissed . . . without prejudice."  The stated reason for the dismissal is, "No IJ [IMMIGRATION JUDGE] jurisdiction.  Final administrative removal order in 2001."  The final line of this order indicates that appeal is "waived" and that the appeal due date is February 2, 2007.  (Exhibit 1 attached to Docket Entry No. 1)  The second Order, which is also dated January 3, 2007, is titled "Order of the Immigration Judge with Respect to Custody."  An "x" is marked next to a line that begins with the word "Other"

and contains the added explanation that "No IJ [IMMIGRATION JUDGE] jurisdiction, Final administrative removal order and conviction of possession of cocaine Jan. 2001."  (Exhibit 2 attached to Docket Entry No. 1)  This second order states that the right to appeal is "reserved by p[etitioner and] due 2 Feb. 2007."

Citing Cardoso v. Reno, 216 F.3d 512, 516-518 (5th Cir. 2000), the respondents argue that this action should be dismissed because petitioner has failed to exhaust his administrative remedies. Respondents explain that although the petitioner was placed on supervised release in November of 2005, that he was subsequently

> indicted for his failure to cooperate and was again incarcerated.  That criminal indictment was recently dismissed because of the change in the law as a result of the United States Supreme Court decision in *Lopez v. Gonzalez*.  However, on Friday, February 2, 2007, Petitioner, who entered the United States illegally, was once again Ordered Removed by Immigration Judge Jamie Lee Benton.  (*See* Exhibit A, attached hereto: Removal Order dated February 2, 2007.)

(Respondents' Response to Petitioner's Emergency Motion for Release and to Reinstate Habeas Corpus Action, Docket Entry No. 3, at p. 2) The respondents argue that the court lacks subject matter jurisdiction because since February 2, 2007, the petitioner has been subject to this **new** removal order, and that

> [b]ecause the Removal Order is so new, Petitioner has not yet exhausted any of his Administrative Remedies. Consequently, this Court will not have jurisdiction of this action.  Respondents therefore request that this Court Deny Petitioner's Motion as invalid for lack of subject matter jurisdiction because of Petitioner's failure to exhaust his administrative remedies.

Id.

As evidence that a new removal order has been entered against the petitioner, respondents attach a form dated February 2, 2007, issued in the matter of Politis, Christoforos Georgios, A95-541-637, titled "In Removal Proceedings Order of the Immigration Judge" on which an "x" is marked in brackets next to a line that states: "The respondent was ordered removed from the United States to Greece."  The text at the top of the form explains that the form is merely "a summary of the oral decision entered on Feb. 2, 2007 . . . [issued] solely for the convenience of the parties.  If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case."  (Id. at Exhibit A, Docket Entry No. 3.)  The last line of the form indicates that appeal has been waived.  The respondents have not submitted any additional evidence of the decision made by the immigration judge.

The petitioner's exhibits suggest that when this action was filed on January 17, 2007, he was being held in custody in connection with a removal proceeding that had been dismissed for lack of jurisdiction on January 3, 2007.  Since the immigration judge failed to grant or deny the petitioner's request for change in custody status on January 3, 2007, and since respondents have not identified what, if any, administrative relief related to the January proceeding the petitioner failed to exhaust, respondents do not appear to be entitled to dismissal on grounds that the petitioner has failed to exhaust administrative remedies arising from the orders attached to his petition.

### III. Order to Respond

The respondents have submitted evidence that a new removal order was entered against the petitioner on February 2, 2007, and that the "[p]etitioner who is now subject to this new Removal Order is once again subject to deportation, and is once again being held, pending deportation." (Docket Entry No. 3 at p. 2)  Since the new removal order entered on February 2, 2007, appears to have mooted the petitioner's Emergency Motion for Release, and since petitioner has not responded to the motion to dismiss included in the Respondent's Response to Petitioner's Emergency Motion for Release and to Reinstate Habeas Corpus Action (Docket Entry No. 3), the petitioner is **ORDERED** to respond by April 5, 2007.  Any response filed by the petitioner should explain why his Emergency Motion for Release has not been mooted by the new removal order entered on February 2, 2007.  <u>Failure to comply as directed will result in dismissal of this action.</u>

If the petitioner files a timely response, any reply by the respondents must be filed by April 16, 2007.

**SIGNED** at Houston, Texas, on this 19th day of March, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE