IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOFOROS G. POLITIS,<br>A #95541637,<br><br>         Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland<br>Security, CHARLES ARENDALE,<br>Field Office Director of<br>Houston Deportation and<br>Removal Office, and DAVID<br>LEONG, Deportation Officer,<br>Houston, Deportation and<br>Removal Office (Department<br>of Homeland Security),<br><br>         Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-07-0525 |

## MEMORANDUM OPINION AND ORDER

Petitioner, Christoforos G. Politis, brings this action against defendants, Michael Chertoff, Secretary, Department of Homeland Security, Charles Arendale, Field Office Director of Houston Deportation and Removal Office, and David Leong, Deportation Officer, Houston, Deportation and Removal Office (Department of Homeland Security), seeking emergency release and reinstatement of two previously filed petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Civil Action Numbers H-05-2535 and H-05-2654.  Pending before the court is petitioner's Emergency Motion for Release and Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (Docket Entry Nos. 1 and 2), petitioner's Motion to Compel the ICE to Justify Politis Future Release with Tracking Device and House Arrest (Docket Entry No. 10), petitioner's Motion to Release Petitioner Immediately from Immigration Custody and Without Monitor and Curfew and Motion to Extend/Amend this Action and Include Two More Defendants (Docket Entry No. 14), and Respondents' Response to Petitioner's Emergency Motion for Release and to Reinstate Habeas Corpus Action in which respondents urge the court to dismiss this action for lack of subject matter jurisdiction (Docket Entry No. 3), and Respondents' Renewed Motion to Dismiss as Moot (Docket Entry No. 12).  For the reasons explained below Respondents' Renewed Motion to Dismiss as Moot will be granted, all other motions will be declared moot, and this action will be dismissed.

## I.  **<u>Motion to Dismiss</u>**

Asserting that "Petitioner's Emergency Motion for Release has been mooted by the new removal order that was entered on February 2, 2007,"[1] respondents argue that this action should be dismissed as moot.[2]  The court agrees.

---

[1]Respondents' Renewed Motion to Dismiss as Moot and Response to Petitioner's Motion to Compel Ice to Justify Release with Tracking Device, Docket Entry No. 12, p. 1.

[2]<u>Id.</u>

### A.    Background

In 2005 while previously in the custody of immigration authorities and subject to a removal order, the petitioner filed a Petition for Habeas Corpus that resulted in the two civil actions that he now seeks to have reinstated, i.e., Civil Action Nos. H-05-2535 and H-05-2654 (which was consolidated with H-05-2535).   On November 30, 2005, petitioner was placed on supervised release. (See Docket Entry No. 32 in H-05-2535.)   On December 23, 2005, Civil Action No. 05-2535 was dismissed as moot pursuant to Respondent's Amended Notice of Mootness.[3]

Attached to petitioner's Emergency Motion for Release and Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) are two orders dated January 3, 2007.   One Order states "it is HEREBY ORDERED that these proceedings be dismissed . . . without prejudice."   The stated reason for the dismissal is, "No IJ [IMMIGRATION JUDGE] jurisdiction.   Final administrative removal order in 2001."   The final line of this order indicates that appeal is "waived."   (Exhibit 1 attached to Docket Entry No. 1)   The second Order, which is also dated January 3, 2007, is titled "Order of the Immigration Judge with Respect to Custody."   An "x" is marked next to a line that begins with the word "Other" and contains the added explanation that "No IJ [IMMIGRATION JUDGE] jurisdiction, Final administrative removal

---

[3]See Docket Entry No. 33 in H-05-2535.

order and conviction of possession of cocaine Jan. 2001."
(Exhibit 2 attached to Docket Entry No. 1)  The second order states
that the right to appeal is "reserved by p[etitioner and] due
2 Feb. 2007."  These exhibits attached to the petitioner's
emergency motion indicate that when this action was filed on
January 17, 2007, petitioner was being held in custody in
connection with a removal proceeding that had been dismissed on
January 3, 2007.

On February 7, 2007, respondents explained that although the
petitioner was placed on supervised release in November of 2005, he
was subsequently

> indicted for his failure to cooperate and was again
> incarcerated.  That criminal indictment was recently
> dismissed because of the change in the law as a result of
> the United States Supreme Court decision in *Lopez v.
> Gonzalez*.  However, on Friday, February 2, 2007,
> Petitioner, who entered the United States illegally, was
> once again Ordered Removed by Immigration Judge Jamie Lee
> Benton.  (*See* Exhibit A, attached hereto: Removal Order
> dated February 2, 2007.)[4]

Respondents argue that petitioner's Emergency Motion for Release
and Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.
§ 2241 are moot because since February 2, 2007, the petitioner has
been held in custody subject to this **new** removal order.[5]  As
evidence that a new removal order has been entered against the
petitioner, respondents submitted a form dated February 2, 2007,

---

[4]Respondents' Response to Petitioner's Emergency Motion for
Release and to Reinstate Habeas Corpus Action, Docket Entry No. 3,
at p. 2.

[5]Id.

-4-

issued in the matter of Politis, Christoforos Georgios, A95-541-637, titled "Order of the Immigration Judge In Removal Proceedings" on which an "x" is marked in brackets next to a line that states: "The respondent was ordered removed from the United States to Greece."[6]

On March 19, 2007, the court entered a Memorandum Opinion and Order stating that "the new removal order entered on February 2, 2007, appears to have mooted the petitioner's Emergency Motion for Release,"[7] and ordering the petitioner to respond to the respondents' evidence by April 5, 2007. The court directed petitioner to include in his response an explanation of "why his Emergency Motion for Release has not been mooted by the new removal order entered on February 2, 2007."[8] The court's Memorandum Opinion and Order also warned the petitioner that the "[f]ailure to comply as directed will result in dismissal of this action."[9]

On March 28, 2007, petitioner responded to the court's Memorandum Opinion and Order (Docket Entry No. 7). In his response, petitioner does not dispute respondents' assertion that a new order for deportation was entered against him on February 2, 2007, because he entered the United States illegally. Instead,

---

[6]See Order of the Immigration Judge in Removal Proceedings, attached to Respondents' Response to Petitioner's Emergency Motion for Release and to Reinstate Habeas Corpus Action, Docket Entry No. 3.

[7]Memorandum Opinion and Order, Docket Entry No. 6, p. 6.

[8]Id.

[9]Id.

petitioner argues that "the Immigration officer did not inspect petitioner and petitioner should not . . . be blame[d] for officer's wrongdoing (not doing . . . his job)."[10]   Petitioner argues that a valid visa is available to him because in 1998 his wife filed an I-130 relative petition on his behalf that was granted in 2002.[11]   Petitioner also asserts that he has never challenged a deportation proceeding but, instead, that based on his renunciation of Greek citizenship, he is only attempting to challenge his illegal detention as a stateless person.[12]

**B.   Analysis**

On January 17, 2007, when petitioner filed this action he alleged that respondents were wrongfully holding him in custody pursuant to a Notice to Appear before an Immigration Judge that had been dismissed two weeks earlier on January 3, 2007.   Petitioner argued that he was being held in custody without legal authority because respondents had not "served him with any charg[ing] document, after the first document ha[d] been dismissed correctly by the Immigration Judge."[13]   Respondents have presented evidence

---

[10]Plaintiff's Response to Respondent's Opposition of Motion to Release and Reinstate Habeas Corpus Action, Docket Entry No. 7, p. 2.

[11]Id.

[12]Id.

[13]Emergency Motion for Release and Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket Entry No. 1, p. 3.

that petitioner is now being held in custody pursuant to an order for removal entered on February 2, 2007.[14]  Since petitioner does not dispute respondents' evidence that he is now being held in custody pursuant to an order of removal entered on February 2, 2007,[15] the court concludes that petitioner's Emergency Motion for Release and Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **MOOT** because petitioner is no longer being held in custody for prosecution of an action that was dismissed on January 3, 2007, as alleged in his complaint but, instead, for execution of a valid order of removal entered on February 2, 2007.

## II.  Conclusions and Order

Because the court has concluded that petitioner's Emergency Motion for Release and Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on grounds that he is being held without legal authority (Docket Entry No. 1) is **MOOT,** Respondents' Renewed Motion to Dismiss as Moot (Docket Entry No. 12) is **GRANTED.** All other motions are **MOOT.**

**SIGNED** at Houston, Texas, on this the 23rd day of May, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[14]See Order of the Immigration Judge in Removal Proceedings, attached to Respondents' Response to Petitioner's Emergency Motion for Release and to Reinstate Habeas Corpus Action, Docket Entry No. 3.

[15]See Plaintiff's Response to Respondent's Opposition of Motion to Release and Reinstate Habeas Corpus Action, Docket Entry No. 7.